IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

MEGAN W. FARMER, )
)
    Plaintiff, )
)
v. ) CASE NO. CV505-18
)
REBECCA HYERS-NORRIS, )
)
    Defendant. )
)

## O R D E R

Before the Court is Defendant Rebecca Hyers-Norris's Motion in Limine. (Doc. 27.) Therein, she asks the Court to exclude the following: (1) any records, exhibits, testimony or other evidence related to Plaintiff's treatment with Dr. Pursuna; (2) testimony of the witness listed by Plaintiff as "Megan's friend Megan who was in the motor vehicle with her when it slid into the ditch in December, 2002"; and (3) the Uniform Motor Vehicle Accident Report.

On January 23, 2008, the Court held a pretrial conference attended by counsel for Plaintiff and counsel for Defendant. At the conference, Defendant withdrew her Motion as to (1) and (2), above. The Court ordered Plaintiff to provide Defendant with the current address for the witness listed as "Megan's friend Megan" and set a

deadline of February 13, 2008 for Defendant to depose this witness.

Defendant's Motion remains pending with respect to the Uniform Motor Vehicle Accident Report. Defendant seeks its exclusion on grounds that it is hearsay and that it contains hearsay. The Federal Rules of Evidence define "hearsay" as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c). Unless such evidence falls into one of the exceptions provided by rule, it is inadmissible. Fed. R. Evid. 802.

The first issue is whether the accident report itself constitutes hearsay or whether it falls within an exception. An exception to the hearsay rule exists for records of regularly conducted activity, if it was the regular practice of that business activity to make the record or report. Fed. R. Evid. 803(6). In order to be admissible under this exception, a "police report need only have been made in the regular course of business and the person offering the report [must] be in a position to attest to its authenticity." United States v. Barrentine, 591 F.2d 1069, 1082 (5th Cir. 1979). In this case, if the witness offering the police report at trial can properly

2

attest to its authenticity, the police report will fall within the business records exception to the hearsay rule.

The next issue is whether the accident report may be admitted if it contains hearsay statements within it. In some cases, it may be appropriate for a trial judge to admit only the non-hearsay portions of a police or accident report. For example, in Jones v. Petroleum Carrier Corp. of Florida, 483 F.2d 1369, 1371-72 (5th Cir. 1973),[1] the Fifth Circuit held that the trial court's admission of a police report was proper, based upon the following reasoning: "Although the state patrolman observed neither the accident itself nor the speed of the vehicles, his report was based upon his personal observations. The trial court deleted from the report references obtained solely through hearsay." See also Miller v. Field, 35 F.3d 1088, 1093 (6th Cir. 1994)(holding that district court should have admitted "only those portions of the [police] reports that constituted either factual findings resulting from the firsthand knowledge of the report's preparer or opinions and conclusions derived from those facts"); Colvin v. United States, 479 F.2d 998, 2003 (9th Cir.

---

[1] In Bonner v. City of Prichard, 661 F. 2d 1206, 1209 (11th Cir. 1981)(en banc), the Eleventh Circuit accepted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

3

1973)(explaining that "entries in a police report based on an officer's observation and knowledge may be admitted, but statements attributed to other persons are clearly hearsay, and inadmissible").

Accordingly, the accident report may be admitted in this case only if all hearsay statements contained within it have been redacted. It is Plaintiff's responsibility to ensure that only non-hearsay statements remain in the copy of the report that is offered as evidence. Plaintiff is **ORDERED** to provide Defendant with a copy of the redacted report prior to trial. If the parties are unable to agree upon the content of the redacted report, Defendant may file a renewed objection.

SO ORDERED this 1ST day of February, 2008.

WILLIAM T. MOORE, JR. CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA